STONE, J.
We affirm a disposition order committing C.T. to a high risk residential facility.
Following C.T.’s plea to a charge of violating community control, the Department of Juvenile Justice (“the department”) submitted its pre-disposition report *758 in which, after addressing the merits, it recommended C.T. be given a suspended commitment to a high risk residential program (level eight) and, meanwhile, be placed in a moderate risk residential program (level six).
At the disposition hearing, the state requested that the court impose a direct commitment to a level eight, high risk residential facility. The court agreed that such placement was warranted and ordered that C.T. be placed in secure detention pending availability in a high risk residential facility. In making this determination, the court stated its reasons for ordering high risk placement for C.T., all of which were discussed in the pre-disposition report.
C.T. asserts that reversal is required because the court’s order was based solely on factors the department had already taken into account in making its recommendation, thereby violating section 985.23(3)(c).
Section 985.23(3)(c), Florida Statutes (2001), provides that a court may place a child who has been adjudicated delinquent at a different restrictiveness level than that recommended only after stating “reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department.”
Although section 985.23 expressly affords the trial court discretion to depart from the department’s recommendation, we have previously recognized that the provision does not grant the authority to reject the department’s recommendation simply because the court disagrees with its assessment. S.L.K v. State, 776 So.2d 1062, 1064 (Fla. 4th DCA 2001). Here, however, we need not address whether the reasons asserted are sufficient for departure, as the disagreement in this case is simply with the department’s recommendation to suspend commitment, rather than its assessment as to the restrictiveness level and placement of the child. As the restrictiveness level imposed by the court was the same as that recommended by the department, the requirements of section 985.23(3)(c) were not triggered. See A.F. v. State, 731 So.2d 851, 852 (Fla. 4th DCA 1999).
The facts of this case are similar to those in A.F., where the department recommended that the child be committed to a level six moderate risk program and that the commitment be suspended to allow him to continue on community control. Id. at 851. The trial court declined to suspend commitment and ordered that the child be placed directly into a level six program. This court affirmed the disposition, finding that the trial court had not disregarded the department’s recommendation as to the restrictiveness level or placement and, therefore, was not required to state reasons for departing from the recommendation. Id. at 852. In contrast, in S.L.K., this court reversed an order of disposition where the trial court disregarded the department’s recommendation for level six placement, imposing instead a suspended level eight placement pending the child’s completion of a level six boot camp program. 776 So.2d at 1064. S.L.K. is distinguishable from A.F. in that, there, the court imposed a higher restrictiveness level than that recommended by the department, even if that commitment was suspended; whereas, in A.F., the court simply imposed the same restrictiveness level recommended but chose not to suspend commitment.
We, therefore, affirm the order of disposition, without considering whether the trial court’s reasons for departing were sufficiently explained to justify a different *759 conclusion than that recommended by the department.
POLEN, C.J., and GROSS, J., concur.