BENTON, J.,
concurring in the judgment.
After his arrest on May 17, 2004, J.I.S. was in secure detention until his “commitment to a high risk residential program (level eight),” C.T. v. State, 816 So.2d 757, 758 (Fla. 4th DCA 2002), on September 1, 2004. Seventeen years old, he was adjudicated delinquent for what would have been a second-degree felony (lewd or lascivious battery in violation of section 800.04(4), Fla. Stat. (2003)), punishable by imprisonment for up to fifteen years, if he had been an adult at the time of the offense. § 775.082(3)(c), Fla. Stat. (2003).
In the disposition order, the court “re-tainted] jurisdiction over [J.I.S. because he was] a child committed to the department for placement ... in a high-risk ... residential commitment program to allow [him] to participate in a juvenile conditional release program ... [but not] beyond [his] 22nd birthday.” § 985.201(4)(b)(1.); Fla. Stat. (2003). See also § 985.231(1)(a)(10.), Fla. Stat. (2003) (“Any commitment of a juvenile sexual offender to a program or facility for juvenile sexual offenders must be for an indeterminate period of time, but the time may not exceed the maximum term of imprisonment that an adult may serve for the same offense. The court may retain jurisdiction over a juvenile sexual offender until the juvenile sexual offender reaches the age of 21, specifically for the purpose of completing the program.”).
In these circumstances, as the majority opinion explains, J.I.S.’s time in secure detention has no legal bearing on the date he must be discharged from the residential program or from any conditional release program thereafter. That is why I join the judgment.
In a case of simple battery, however- — to take one example — a juvenile’s spending three and a half months in custody before *893 entry of the disposition order might well determine the date he must be released from custody. See § 775.082(4)(a), Fla. Stat. (2003) (authorizing as punishment for “a misdemeanor of the first degree, ... a definite term of imprisonment not exceeding 1 year”); § 784.03(1), Fla. Stat. (2003) (proscribing simple battery as a misdemeanor of the first degree). And it is even possible that an adjudication of delinquency under section 800.04(4) (lewd or lascivious battery) might be reduced to an adjudication of delinquency under section 784.03(1) (simple battery) on appeal. See § 924.34, Fla. Stat. (2003).
The better practice, in my view, is for the trial judge to note in the disposition order any time the juvenile has already spent in confinement. Making such a finding would prove useful in some cases and should not prove anti-therapeutic in any. See In re Gault, 387 U.S. 1, 26, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (noting “suggestion] that the appearance as well as the actuality of fairness, impartiality and orderliness ... may be a more impressive and more therapeutic attitude so far as the juvenile is concerned”).